David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

Attorneys for Defendants
Travis Paul Grant, Mariel Lizette Grant and
Kyle David Grant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe,<br><br>　　　Plaintiff,<br><br>vs.<br><br>Travis Paul Grant and Mariel Lizette Grant, husband and wife; Kyle David Grant and Jane Doe Grant, husband and wife; XYZ Corporations,<br><br>　　　Defendants. | Case No._____<br><br>**NOTICE OF REMOVAL**<br><br>(Maricopa County Superior Court Case No. CV2020-055202) |

Defendants Travis Paul Grant, Mariel Lizette Grant and Grant Kyle David Grant ("Defendants") give notice that this action is hereby removed from the Maricopa County Superior Court to the United States District Court for the District of Arizona pursuant to 28 U.S.C. §§ 1441(b) and 1446.

Pursuant to District Court Local Rule LRCiv 3.6(a), undersigned counsel certifies that a copy of this Notice (excluding exhibits) has been filed with the Clerk of the Maricopa County Superior Court in the original state court proceeding, Case No. CV2020-055202 (Hon. Sara Agnes).

## I. GROUNDS FOR REMOVAL; 28 U.S.C. § 1446(a)

As indicated in the attached pleadings, this case is primarily an action brought under Arizona's newly-enacted "Mugshot Website Operators" statute, A.R.S. §§ 44–7901–02 (the "Mugshot Act"), which became effective last year on August 27, 2019. In short, and with certain broad exceptions, the Act restricts the use of mugshots as follows:

> A mugshot website operator may not use criminal justice records or the names, addresses, telephone numbers and other information contained in criminal justice records <u>for the purpose of soliciting business for pecuniary gain</u>, including requiring the payment of a fee or other valuable consideration in exchange for removing or revising criminal justice records that have been published on a website or other publication.

A.R.S. § 44–7902(B) (emphasis added).

Each violation of this provision carries mandatory minimum statutory damages of $100 per day for the first thirty days, $200 per day during the subsequent thirty days, and $500 per day for each day thereafter. *See* A.R.S. § 44–7902(D).

In her Complaint, Plaintiff Jane Doe alleges Defendants are "mugshot website operators" which A.R.S. § 44–7901(4) defines as: "a person that publishes a criminal justice record on a publicly available internet website for a commercial purpose." Plaintiff further alleges Defendants published her mugshot in violation of A.R.S. § 44–7902(B) and Arizona common law. Based on this, Plaintiff asserts three causes of action: 1.) a statutory claim seeking damages under A.R.S. § 44–7902(B); 2.) a claim for misappropriation of name/likeness under Arizona common law; and 3.) a claim of false light under Arizona common law. Plaintiff further seeks a preliminary and permanent injunction requiring Defendants to remove her mugshot and arrest records.

### 1. Removal Is Timely Pursuant to 28 U.S.C. § 1446(b)

The original Complaint, attached as <u>Exhibit A</u>, was filed in the Maricopa County Superior Court on September 24, 2020. Defendants first received notice of this action on <u>September 28, 2020</u> when they obtained a copy of the Complaint from the Clerk of the Superior Court. Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

**2.      The District Court Has Diversity Jurisdiction**

The District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). According to Complaint ¶ 1, Plaintiff is a citizen of the State of Arizona. Defendants are all citizens of the State of Florida. Compl. ¶ 2. There is no question complete party diversity is present.

Second, the amount in controversy exceeds $75,000. However, to be clear, that fact is, at least initially, *not* readily apparent from the face of the Complaint. For that reason, some additional comments are offered to explain why this Court has jurisdiction.

First, as noted above, the Arizona Mugshot Act imposes mandatory statutory damages as follows:

> D. A person that violates subsection b of this section <u>is liable for damages</u> for each separate violation in an amount of <u>at least</u>:
>
> 1. $100 per day during the first thirty days of the violation.
> 2. $200 per day during the subsequent thirty days of the violation.
> 3. <u>$500 per day for each day thereafter</u>.
>
> A.R.S. § 44–7902(D) (emphasis added).

Although the Mugshot Act is extremely clear regarding the minimum amount of statutory damages and how those damages are calculated, Plaintiff's Complaint is oddly vague on this point. Specifically, in ¶ 5 of her Complaint, Plaintiff alleges "The damages in this case are not liquidated, but they are no less than $50,000 and no more than $74,000."[1] Similarly, after alleging a statutory violation of the Mugshot Act, Plaintiff alleges: "Plaintiff has suffered damages that she will prove at trial, which are no less than $50,000 and no more than $74,000." Compl. ¶ 13. Plaintiff seeks the same range of damages in her other two causes of action. *See* Compl. ¶¶ 17 & 22.

---

[1] When damages are unliquidated, Rule 8(b)(1) of the Arizona Rules of Civil Procedure prohibits any demand for a specific amount of damages: "In all actions in which a party is pursuing a claim other than for a sum certain or for a sum which can by computation be made certain, <u>no dollar amount or figure for damages sought may be stated in any pleading allowed under Rule 7</u>." (emphasis added)

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

Although the Complaint appears to assert three causes of action with a range of damages cumulatively totaling between $150,000 ($50,000 x 3) and $222,000 ($74,000 x 3), the *ad damnum* clause requests only a single award of between $50,000 and $74,000. Based on this, it would appear Plaintiff has attempted to avoid federal jurisdiction by praying for a total award below $75,000. Those efforts notwithstanding, Plaintiff's attempt to cabin her damages below $75,000 is unsuccessful as a matter of law and does not defeat diversity jurisdiction. This is so for at least two reasons.

First, by separately seeking a minimum of $50,000 in damages in *three separate causes of action*, Plaintiff has demonstrated the true amount in controversy exceeds $75,000. *See Munoz v. Federal Nat. Mortg. Assn.*, 2014 WL 3418447, *2 (D.Ariz. 2014) (denying remand and finding amount in controversy is met where Complaint contained twelve causes of action seeking damages of $10,000 each; "Even if the amount alleged was only the $10,000 for state court purposes, it is asserted in twelve separate counts, making the total amount in controversy to be in excess of $120,000. Therefore, the aggregate value of the monetary damages sought exceeds $75,000.")

Second, as the Ninth Circuit has explained, for certain technical reasons (explained further *infra*) "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (emphasis added) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375–77 (9th Cir. 1997). Those "technical reasons" are as follows—many states (including Arizona) do not limit a plaintiff's recovery to the amount demanded in the Complaint. On the contrary, Arizona law allows the Complaint (including the prayer for damages) to be amended at any time, including after trial. *See* Ariz. R. Civ. P. 15(b); *see also International Harvester Co. v. Chiarello*, 27 Ariz.App. 411, 416 n.2 (App. 1976) (explaining, "We find little significance in the fact that plaintiffs amend their complaint after trial to increase the *ad damnum* clause … . Our cases indicate that where a jury verdict exceeds the amount of the damages pleaded, the amendment of the complaint is appropriate.") (emphasis added) (citing *Smith v. Tang*, 100 Ariz. 196, 202 (1966)).

Due to this rule, in states like Arizona and California (which follows the same rule), among others, even if a Complaint only requests $1 in damages, a jury can award $1 million, $10 million, or *any* other amount of damages the evidence supports. Thus, the amount requested in the *ad damnum* clause of a Complaint is not binding/limiting on the Plaintiff. It is therefore not conclusive proof of the actual amount in controversy.

For that reason, many courts have faced similar attempts to avoid federal jurisdiction by plaintiffs who pray for damages of $74,999.99 or less in states where such prayers do not actually limit or cap the amount of damages available. The rule established by those cases is simple and clear—if state law does not limit a plaintiff's recovery to the *ad damnum* sought in the Complaint, federal jurisdiction cannot be avoided solely by praying for damages of $74,999.99 or less, <u>provided</u> evidence shows the true amount in controversy exceeds $75,000.

A good example of this rule is found in *Dunn v. Pepsi-Cola Metropolitan Bottling Co.*, Inc., 850 F.Supp. 853 (N.D.Cal. 1994). In that case, the plaintiff brought an action in state court alleging damages in excess of $100,000. The defendant, Pepsi, timely removed the action to federal court.

Clearly not wanting to litigate in federal court, the plaintiff voluntarily dismissed the federal case four days later. She then immediately re-filed an identical proceeding in state court, albeit with one change—the *ad damnum* clause was modified to reduce the amount of damages sought from $100,000 to "a total amount not to exceed $49,900." *Dunn*, 850 F.Supp. at 854.[2]

Undeterred by this gamesmanship, Pepsi removed the second Complaint even though it did not seek damages greater than $50,000. Plaintiff moved to remand. Noting that California followed the "well settled rule ... that <u>a plaintiff may secure relief different from *or greater than* that demanded in the complaint</u> …" the district court <u>denied</u> remand because the Complaint's factual allegations clearly showed the plaintiff would be entitled to more than $50,000 if she prevailed. *Id*. at 855 (emphasis added) (citing authorities).

---

[2] *Dunn* was decided when the amount in controversy requirement was $50,000.

The district court in *Dunn* relied on a similar case from Florida, *Practice Management Associates, Inc. v. Walding,* 138 F.R.D. 148 (M.D.Fla. 1991). In that case, very similar to here, the plaintiff's Complaint alleged: "This is an action for damages that exceed $10,000.00, but do not exceed $49,999.99." Notwithstanding that allegation, the district court denied remand. In doing so, the court explained the rule as follows:

> Plaintiff claims that its waiver of damages above the $50,000 threshold allows it to defeat federal jurisdiction. While it has generally been recognized that a *binding* waiver will defeat removal to federal court, a waiver will *not suffice if it is unenforceable under state law*. The Court finds no precedent under Florida law requiring awards to be limited to the amount cited in the complaint. Moreover, [case law] confirms the ineffectiveness of *ad damnum* clauses to limit damages under Florida law. Therefore, the Court denies Plaintiff's Motion to Remand.

*Practice Mgm't. Assoc.,* 138 F.R.D. at 150 (emphasis added) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) (internal citation omitted); *Kliebert v. Upjohn Co.*, 915 F.2d 142, 147 (5th Cir. 1990)).

Put simply, in a state like Arizona which does not limit recovery to the amount prayed for in the Complaint, the *ad damnum* clause is not a cap on damages. Instead, the *ad damnum* is, in effect, nothing more than a non-binding suggestion which may be increased at any time, even after trial. Accordingly, in Arizona a Complaint's prayer for $74,000 or less is not sufficient to defeat federal jurisdiction if the evidence clearly shows the true amount in dispute exceeds $75,000. *See*, *e.g.*, *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428–30 (7th Cir. 1997) (agreeing because Illinois law forbids plaintiffs from stating any amount where the damages are unliquidated, plaintiff's *ad damnum* prayer for an amount below jurisdictional minimum is not binding and does not deprive district court of diversity jurisdiction); *In re: Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (concurring, "the factual allegations of the complaint, and not empty words setting an illusory cap on damages, inform the jurisdictional inquiry. Plaintiff's complaint, alleging breach of a contract to pay $70,000 per year, shows that the amount in controversy exceeds $50,000 ….")

Applying these standards here, and focusing only on Plaintiff's statutory claim under the Arizona Mugshot Act, it is clear the amount in controversy far exceeds $75,000.00. As noted above, A.R.S. § 44–7902(D) sets forth <u>mandatory minimum damages</u> which begin at $100/day and increase to $500/day after two months.

According to ¶ 9 of the Complaint, Defendants have continuously and unlawfully posted Plaintiff's mugshot and related criminal records on their website "[s]ince at least <u>October 20, 2018</u> …." Bearing in mind the Arizona Mugshot Act did not become effective until August 27, 2019 (thus Plaintiff cannot receive statutory damages prior to that date), and putting aside the separate issue of whether Plaintiff's Mugshot Act claim is timely under A.R.S. § 12–541(5) (providing a one-year limitation on actions for "liability created by statute"), it is very easy to precisely calculate Plaintiff's statutory damages as of the date of removal as follows:

| Period | Rate | Total |
|---|---|---|
| 8/27/19—9/26/19 (30 days) | $100/day | $3,000 |
| 9/27/19—10/26/19 (30 days) | $200/day | $6,000 |
| 10/27/19—10/23/20 (362 days) | $500/day | $181,000 |
| **TOTAL DAMAGES AS OF DATE OF REMOVAL** | | **$190,000** |

Accepting these facts as pleaded in the Complaint, there is no question whatsoever the true amount in controversy here far exceeds $75,000. Whether Plaintiff's damages calculation (or estimated range) of between $50,000 and $74,000 was the product of bad math skills, a lack of candor, or some other unexplained error is irrelevant.

As noted above, the rule is clear: "the factual allegations of the complaint, and not empty words setting an illusory cap on damages" establish the true amount in dispute. Math errors or an unsuccessful waiver attempt notwithstanding, as of the date of removal Plaintiff has *not* legally bound herself to damages below the federal threshold. Accordingly, because the factual allegations in the Complaint show the true amount in dispute far exceeds $75,000, this Court plainly has diversity jurisdiction.

### 3. All Served Defendants Consent to Removal

All three named Defendants consent to and join in removal of this action. Consent and joinder by the unknown John/Jane Doe Defendants is not required. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (explaining, "the unknown defendants sued as 'Does' need not be joined in a removal petition.") (citing *Ronson Art Metal Works, Inc. v. Hilton Lite Corp.*, 111 F.Supp. 691 (N.D.Cal. 1953); *Grigg v. Southern Pacific Co.*, 246 F.2d 613, 619–20 (9th Cir. 1957)).

### 4. State Court Pleadings/State Court Record

Copies of all pleadings filed in the state court are attached hereto. Pursuant to District Court Local Rule LRCiv 3.6(b) and 28 U.S.C. § 1746, undersigned counsel verifies under penalty of perjury and under the laws of the United States of America that the records attached hereto as are true and complete copies of all pleadings and other documents filed in the state court proceeding.

| Exhibit | Title | Date Filed |
|---|---|---|
| A | Verified Complaint | 9/24/2020 |
| B | Plaintiffs' Motion for Preliminary Injunction | 9/24/2020 |
| C | Civil Cover Sheet & Summonses | 9/24/2020 |
| D | Minute Entry Order | 10/13/2020 |
| E | Notice of Filing Notice of Removal | 10/23/2020 |

DATED: October 23, 2020.

**GINGRAS LAW OFFICE, PLLC**
/s/ David S. Gingras
David S. Gingras, Esq.
Attorney for Defendants
Travis Paul Grant, Mariel Lizette Grant
and Kyle David Grant

8

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2020, I transmitted the attached document to the Clerk's Office for filing via ECF, and emailed a copy of the foregoing to:

Craig Jacob Rosenstein, Esq.
ROSENSTEIN LAW GROUP, PLLC
8010 East McDowell Road, Suite 111
Scottsdale, AZ 85257
Attorney for Plaintiff


_____

GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
Phoenix, AZ 85044