Exhibit A

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
9/24/2020 10:55:49 AM
Filing ID 12035966

Craig J. Rosenstein, Esq. (024766)
**ROSENSTEIN LAW GROUP, PLLC**
6929 North Hayden Road, Suite C4-410
Scottsdale, Arizona 85250
Telephone:   (480) 248-7666
Facsimile:    (480) 946-0681
Attorney for Plaintiff

## ARIZONA SUPERIOR COURT

## MARICOPA COUNTY

JANE DOE,

        Plaintiff,

        vs.

TRAVIS PAUL GRANT and MARIEL
LIZETTE GRANT, husband and wife; KYLE
DAVID GRANT and JANE DOE GRANT,
husband and wife, and XYZ Corporations,

        Defendants.

Case No. CV2020-055202

**VERIFIED COMPLAINT**
**(Tier Two)**

Jury Trial Demanded

Plaintiff alleges:

1.     Plaintiff resides in Maricopa County, Arizona.

2.     Defendants are mugshot website operators who reside in, and operate businesses in, Florida. Defendants own and operate mugshot websites including www.rapsheets.org, www.rapsheetz.com, www.bailbondsearch.com, www.bailbondshq.com, and www.publicpolicerecord.com (the "Websites") as defined by A.R.S. § 44-790(4). Pursuant to A.R.S. § 44-7902(A), Defendants transact business in Arizona.

3.     Venue and jurisdiction are proper in this Court.

1

4.     Based on the characteristics of this action, this case should be assigned Tier 2 pursuant to Rule 26.2(b)(2).

5.     The damages in this case are not liquidated, but they are no less than $50,000 and no more than $74,000.

6.     On October 20, 2018, the Maricopa County Sheriff's Office (the "Sheriff's Office") arrested Plaintiff for suspicion of violating Arizona law.

7.     Following the arrest, the Sheriff's Office photographed Plaintiff. The Sheriff's Office made the photograph (the "Mugshot") publicly available on a government website.

8.     Defendant's Websites are  privately-owned, publicly-available websites that post mugshots and other criminal justice information about various people without their consent, who have been arrested. The Websites generate income and Defendants utilize the Websites for commercial purposes and pecuniary gain.

9.     Since at least October 20, 2018, Defendants, without Plaintiff's permission, consent or authorization, published Plaintiff's criminal justice records (the "Records") and Mugshot on the Websites.

10.     Despite Plaintiff's multiple demands that Defendants remove this information, Defendants refuse to do so.

11.     The public nature of the Websites and public availability of Plaintiff's Mugshot and Records has and continues to cause harm to Plaintiff, including unwanted publicity and ramifications for Plaintiff's employment.

## COUNT ONE

### (Violation of A.R.S. §§ 44-7901-7902)

12.     Defendants published Plaintiff's Mugshot and Records on a publicly available internet website in violation of A.R.S. §§ 44-7901-7902.

13.     As a result, Plaintiff suffered damages that she will prove at trial, which are no less than $50,000 and no more than $74,000.

2

**COUNT TWO**

**(Misappropriation of Name and Likeness)**

14.     Defendants appropriated Plaintiff's name and likeness for pecuniary gain to increase revenue for its Websites.

15.     Plaintiff is easily identified from the publication of the Mugshot and Records on the Websites.

16.     Defendants benefited from the publication because the publication of mugshots and criminal records for pecuniary gain is the Websites' very purpose.

17.     As a result, Plaintiff suffered damages that she will prove at trial, which are no less than $50,000 and no more than $74,000.

**COUNT THREE**

**(False Light)**

18.     Defendants gave publicity to a matter in an easily accessible public forum concerning Plaintiff that places Plaintiff in a false light. Specifically, by posting the Mugshot and Records, Defendants' websites imply that Plaintiff did something wrong and is guilty of a crime.

19.     Plaintiff did not consent, authorize, or agree that Defendants could post this information about her.

20.     The false light in which Plaintiff was placed would be highly offensive to a reasonable person.

21.     Defendants know or recklessly disregarded the false light in which Plaintiff is placed due to the publication of the Mugshot and Records on the Websites.

22.     As a result, Plaintiff suffered damages that she will prove at trial, which are no less than $50,000 and no more than $74,000.

3

## COUNT FOUR

### (Injunctive Relief)

23.    Defendants' unauthorized publication of Plaintiff's Mugshot and Records has wrongfully caused Plaintiff continued and unwanted publicity that places her in a false light.

24.    Every day that the Mugshot and Records remain posted on the Websites continue to harm Plaintiff's reputation and good name.

25.    Plaintiff's remedies at law are inadequate.

26.    Public policy favors an injunction in this matter requiring Defendants to remove the Mugshot and corresponding criminal justice records.

27.    Injunctive relief is necessary to prevent further harm and will not disrupt the status quo.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff requests the following relief:

A.    An Order granting Plaintiff an injunction and directing that Defendants immediately remove the Mugshot and Records.

B.    Compensatory damages or statutory damages in an amount no less than $50,000 and no more than $74,000.

C.    Any further relief, in equity, which the Court deems appropriate.

DATED: September 24, 2020.

ROSENSTEIN LAW GROUP, PLLC


By:   /s/CriagRosenstein
        Craig J. Rosenstein, Esq.
        Attorney for Plaintiff

4

## VERIFICATION

STATE OF ARIZONA        )
                        )
COUNTY OF MARICOPA)

    JANE DOE, deposes and says as follows:

1.    I am the Plaintiff in the above-entitled action.

2.    I have read and know the contents of the foregoing Complaint.

3.    The information contained in the Complaint is true and correct to the best of my knowledge, information, and belief.

_____
JANE DOE, PLAINTIFF

9-22-20
Date

1

Exhibit B

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
9/24/2020 10:55:49 AM
Filing ID 12035967

1

Craig Jacob Rosenstein, Esq. (024766)

2

**ROSENSTEIN LAW GROUP, PLLC**
8010 E. McDowell Road, Suite 111

3

Scottsdale, Arizona 85257
Telephone:   (480) 248-7666

4

Facsimile:   (480) 946-0681

5

*Attorney for Plaintiff*

6

**ARIZONA SUPERIOR COURT**

7

**MARICOPA COUNTY**

8

JANE DOE,

9

                    Plaintiff,

10

v.

11

12

TRAVIS PAUL GRANT and MARIEL

13

LIZETTE GRANT, husband and wife; KYLE
DAVID GRANT and JANE DOE GRANT,

14

husband and wife; and

15

XYZ Corporations,

16

                    Defendants.

17

Case No. **CV2020-055202**

**MOTION FOR PRELIMINARY
INJUNCTION**

18

    Pursuant to Rule 65(a), Jane Doe[1] moves the Court for a preliminary injunction

19

requiring Defendants to remove her mugshot and corresponding criminal justice

20

information from Defendants' websites. A.R.S. § 44-7902(B) prohibits a website

21

operator from using criminal justice records, including mugshots, for pecuniary gain. To

22

earn profits, Defendants operate several websites (the "Websites") that post mugshots

23

and criminal records, including that of the Plaintiff. Despite Plaintiff's demand to

24

remove her information from Defendants' websites, they have refused.

25

    Accordingly, Plaintiff requests that the Court immediately require Defendants to

26

_____

27

[1] Plaintiff filed this case as "Jane Doe" to avoid further publication of these issues. After the filing,

28

Plaintiff will request that the Court seal this Complaint, along with any subsequent filings in this case.
Once the case has been sealed, Plaintiff will willingly reveal her identity.

1

1  remove Plaintiff's mugshot and criminal justice information from their Websites.

2  **I.**    **FACTS.**

3         On October 20, 2018, the Maricopa County Sheriff's Office (the "Sheriff's

4  Office") arrested Plaintiff for suspicion of violating A.R.S. § 13-703, Arson of a

5  Structure or Property. In conjunction with the arrest, the Sheriff's Office photographed

6  Plaintiff. The Sheriff's Office made the photograph (the "Mugshot") publicly available

7  on a government website. Following Plaintiff's arrest, the Court dismissed the charges

8  against her and destroyed all documents pertaining to the charges.

9         Defendants own and operate www.rapsheets.org,    www.rapsheetz.com,

10  www.bailbondsearch.com,   www.bailbondshq.com,  and www.publicpolicerecord.com

11  (the "Websites"). The Websites are privately-owned, publicly available websites that

12  post mugshots and other criminal justice information about various people, without their

13  consent, who have been arrested. The Websites generate income. Defendants utilize the

14  Websites for commercial purposes and pecuniary gain.

15        Since at least October 20, 2018, Defendants, without Plaintiff's permission,

16  consent or authorization, published Plaintiff's criminal justice records (the "Records")

17  and Mugshot on the Websites. Plaintiff demanded that Defendants remove the Records

18  and Mugshot. Defendants refuse to do so.

19        The public nature of the Websites and public availability of Plaintiff's Mugshot

20  and Records has and continues to cause harm to Plaintiff, including unwanted publicity

21  and ramifications for Plaintiff's employment.

22  **II.**    **LEGAL ARGUMENT**

23        As the Court is aware, a party may obtain preliminary injunctive relief by

24  establishing four traditional equitable criteria, namely, (i) A strong likelihood that he

25  will succeed at trial on the merits; (ii) the possibility of irreparable injury to him not

26  remediable by damages if the requested relief is not granted; (iii) a balance of hardships

27  favors himself; and (iv) public policy favors the injunction. *Shoen v. Shoen*, 167 Ariz.

28  58, 63, 804 P.2d. 787, 792 (App. 1990). The critical element in this analysis is the

2

1 relative hardship to the parties, which a movant can meet by satisfying either of the

2 following tests: (i) the party demonstrates that there is a probability that it will succeed

3 on the merits of its claim, and that there is a possibility that it will suffer irreparable

4 harm if an injunction is not issued; or (ii) serious questions are raised by the party's

5 claims and that the balance of the hardships tips sharply in the party's favor. *Id.*

6 Plaintiff's claims satisfy either test because the language in A.R.S. §§ 44-7901 and 7902

7 is unambiguous and Plaintiff is likely to succeed on the merits. Moreover, Defendants

8 will not suffer in any way from removing Plaintiff's Mugshot and Records –

9 Defendants' Websites contain countless arrest records and will remain operational. On

10 the other hand, Plaintiff has already been negatively impacted by the public

11 pronouncement of her arrest, even though all charges were ultimately dismissed.

12     **A.     <u>Likelihood of Success.</u>**

13     Plaintiff is very likely to be successful on the merits given that the Arizona State

14 Legislature (the "the Legislature") designed these recently enacted statutes, A.R.S. §§

15 44-7901 and 44-7902, for this exact type of case and occurrence. Specifically, § 44-

16 7902(B) states that:

17
> A mugshot website operator may not use criminal justice
18 records or the names, addresses, telephone numbers and other
information contained in criminal justice records for the
19 purpose of soliciting business for pecuniary gain, including
requiring the payment of a fee or other valuable consideration
20 in exchange for removing or revising criminal justice records
21 that have been published on a website or other publication.

22 There is little question that the law covers individuals like Defendants who operate

23 commercial mugshot websites, defining a mugshot website operator as "a person that

24 publishes a criminal justice record on a publicly available internet website for a

25 commercial purpose." A.R.S. § 44-7901(4). And, likewise, there cannot be any dispute

26 that the information published on Defendants' Websites falls squarely within the

27 definition of a "criminal justice record," which specifically includes "a booking

28

3

1   photograph and the name, address and description of and the charges filed against a

2   subject individual." A.R.S. § 44-7901(3).

3       A.R.S. § 44-7902 encompasses Defendants' exact conduct. In fact, the

4   Legislature and various stakeholders actually discussed the exact Websites at issue here

5   during various meetings regarding the proposed legislation.[2] Defendants' Websites were

6   utilized as one of the prime examples of the types of websites the Legislature sought to

7   enjoin when it drafted this legislation. Because Plaintiff is likely to succeed on the

8   merits, the Court should grant the preliminary injunction.

9       **B.    Irreparable Harm.**

10      Plaintiff suffers irreparable harm every day that her Mugshot and Records remain

11  on Defendants' Websites. Indeed, Defendants have invested extensively in search-

12  engine optimization and when Plaintiff's name is searched, the Websites populate at the

13  top of the search page. No Court ever convicted Plaintiff of a crime and, the Court

14  destroyed all records of the allegations against Plaintiff.

15      This embarrassing public pronouncement puts Plaintiff in a negative light,

16  impacting her reputation socially because her Mugshot and Records remain front and

17  center on Google, the world's largest internet search engine. This bell cannot be un-

18  rung. But, this also has caused harm to Plaintiff because it has impacted her ability to

19  find gainful employment. Any diligent employer Google searches its candidates. When

20  they Google search Plaintiff, her Mugshot and Records are the first search results that

21  appear. Plaintiff continues to suffer every day that Defendants allow public access and

22  commercially exploit the criminal justice records of someone who has never even been

23  convicted of a crime.

24      **C.    Balance of Hardships and Public Policy.**

25      Simply put, the balance of hardships sharply tips in Plaintiff's favor. There is

26  absolutely no impact to Defendants or their Websites' operation if the Court enjoins

27  _____

28  [2] Plaintiff's attorney conceptualized, drafted and lobbied for the legislation and can attest to its purpose first-hand.

4

them from posting Plaintiff's Mugshot and Records. Undoubtedly, Defendants' Websites contain similar records and mugshots regarding countless other people – likely in the millions. Removing one person's Mugshot and Records will have no more impact than a drop in the bucket for Defendants.

In fact, Defendants brazenly continue to scrape hundreds of mugshots and arrest records posted on the Sheriff's Office website on a weekly basis, even after being notified by Plaintiffs that their activities are in violation of Arizona law. On the other hand, should Plaintiff's Mugshot and Records remain publicly available, her employment and reputational damage will be compounded on a daily basis. The Court should grant the injunction.

Public policy in Arizona strongly favors granting the injunction. The booking photos and arrest information that Defendants use to solicit advertising are not provided, or tendered, to Defendants by law enforcement. To the contrary, the Sheriff's Office posts the information on their website for a limited period of time, only three days. By enacting A.R.S. § 44-7902, the Legislature has made it crystal clear that the public policy of Arizona is that arrest information and booking photos published for a limited time by Arizona law enforcement agencies is not to be "scraped" and then used by Defendants' to solicit third party advertising. Yet, that is precisely how Defendants' illegal scheme operates. Indeed, it is the public policy of Arizona that the identities of arrestees only be disclosed to the public on a limited basis, only by law enforcement agencies or *bona fide* news agencies, and only for a brief period of time.

## III.   **CONCLUSION**

A.R.S. § 44-7902 was designed for this exact set of facts. Given Plaintiff's high likelihood of success on the merits, the irreparable social harm she has suffered and will continue to suffer, and that Defendants will not be impacted in the slightest by removing Plaintiffs' Mugshot and Records, Plaintiff requests that the Court grant the preliminary injunction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: September 24th, 2020.

ROSENSTEIN LAW GROUP, P.L.L.C.


_____/s/ Craig Rosenstein_____.

By:  Craig J. Rosenstein, Esq.
Attorney for Plaintiff

Exhibit C

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
9/24/2020 10:55:49 AM
Filing ID 12035968

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

**Plaintiff's Attorney:**
Craig J Rosenstein
Bar Number: 024766, issuing State: AZ
Law Firm: Rosenstein Law Group
8010 E Mcdowell Rd. Suite 111
Scottsdale, AZ 85257
Telephone Number: (480)248-7666
Email address: lesley@rosensteinlawgroup.com

CV2020-055202

**Plaintiff:**
Jane Doe

**Defendants:**
Travis Paul Grant

Mariel Lizette Grant

Kyle David Grant

Jane Doe Grant

XYZ Corporations

Discovery Tier t2

Case Category: Other Civil Case Categories
Case Subcategory: Civil Penalty

Emergency Type: Other (specify): Preliminary Injunction

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
9/24/2020 10:55:49 AM
Filing ID 12035969

Person/Attorney Filing: Craig J Rosenstein
Mailing Address: 8010 E Mcdowell Rd. Suite 111
City, State, Zip Code: Scottsdale, AZ 85257
Phone Number: (480)248-7666
E-Mail Address: lesley@rosensteinlawgroup.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024766, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Jane Doe
Plaintiff(s),
v.
Travis Paul Grant, et al.
Defendant(s).

Case No.  **CV2020-055202**

**SUMMONS**

To: Travis Paul Grant

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
    Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

AZturboCourt.gov Form Set #4991685

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *September 24, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *MICHELLE BOUISE*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #4991685

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
9/24/2020 10:55:49 AM
Filing ID 12035970

Person/Attorney Filing: Craig J Rosenstein
Mailing Address: 8010 E Mcdowell Rd. Suite 111
City, State, Zip Code: Scottsdale, AZ 85257
Phone Number: (480)248-7666
E-Mail Address: lesley@rosensteinlawgroup.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024766, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Jane Doe
Plaintiff(s),
v.
Travis Paul Grant, et al.
Defendant(s).

Case No.  **CV2020-055202**

**SUMMONS**

To: Mariel Lizette Grant

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #4991685

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *September 24, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *MICHELLE BOUISE*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
9/24/2020 10:55:49 AM
Filing ID 12035971

Person/Attorney Filing: Craig J Rosenstein
Mailing Address: 8010 E Mcdowell Rd. Suite 111
City, State, Zip Code: Scottsdale, AZ 85257
Phone Number: (480)248-7666
E-Mail Address: lesley@rosensteinlawgroup.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024766, Issuing State: AZ

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

Jane Doe
Plaintiff(s),
v.
Travis Paul Grant, et al.
Defendant(s).

Case No.  **CV2020-055202**

**SUMMONS**

To: Kyle David Grant

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
    Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

AZturboCourt.gov Form Set #4991685

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *September 24, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *MICHELLE BOUISE*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
9/24/2020 10:55:49 AM
Filing ID 12035972

Person/Attorney Filing: Craig J Rosenstein
Mailing Address: 8010 E Mcdowell Rd. Suite 111
City, State, Zip Code: Scottsdale, AZ 85257
Phone Number: (480)248-7666
E-Mail Address: lesley@rosensteinlawgroup.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024766, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Jane Doe
Plaintiff(s),
v.
Travis Paul Grant, et al.
Defendant(s).

Case No.  **CV2020-055202**

**SUMMONS**

To: Jane Doe Grant

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
    Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *September 24, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *MICHELLE BOUISE*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #4991685

2

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
9/24/2020 10:55:49 AM
Filing ID 12035973

Person/Attorney Filing: Craig J Rosenstein
Mailing Address: 8010 E Mcdowell Rd. Suite 111
City, State, Zip Code: Scottsdale, AZ 85257
Phone Number: (480)248-7666
E-Mail Address: lesley@rosensteinlawgroup.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024766, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Jane Doe
Plaintiff(s),
v.                                          Case No.  **CV2020-055202**
Travis Paul Grant, et al.
Defendant(s).                               **SUMMONS**

To: XYZ Corporations

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *September 24, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *MICHELLE BOUISE*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Exhibit D

Clerk of the Superior Court
*** Electronically Filed ***
10/13/2020 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-055202                                         10/12/2020


                                              CLERK OF THE COURT
HONORABLE ANDREW J. RUSSELL                        J. Escarcega
                                                     Deputy



JANE DOE                                  CRAIG JACOB ROSENSTEIN

v.

TRAVIS PAUL GRANT, et al.                 TRAVIS PAUL GRANT
                                          NO ADDRESS ON RECORD



                                          COMM. RUSSELL



                           MINUTE ENTRY


        The Court has received and considered Plaintiff's Motion for Preliminary Injunction, filed
September 24, 2020.

        **IT IS ORDERED** setting this matter for Evidentiary Hearing on **November 10, 2020 at
9:00 a.m. (time allotted: one hour).**

**EFFECTIVE OCTOBER 19, 2020, THIS CALENDAR WILL BE ASSUMED BY JUDGE
SARA AGNE. PLEASE CALL JUDGE AGNE'S DIVISION AT (602) 506-8288 AFTER
OCTOBER 19, 2020 TO OBTAIN INFORMATION ON HOW TO APPEAR AT THE
HEARING.**

        **IT IS FURTHER ORDERED** that Plaintiff shall serve Defendants at least ten business
days before the hearing, including with a copy of this minute entry.

        **IT IS FURTHER ORDERED** that both sides shall hand-deliver to the clerk of this
division all exhibits to be used at the hearing no later than **November 3, 2020 at 5:00 p.m.**  The
exhibits will be marked numerically and consecutively.  Plaintiff(s) exhibits will be marked first

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-055202                                            10/12/2020

followed by Defendant(s).  All hearing exhibits shall have been exchanged prior to that time.  No duplicate exhibits shall be presented for marking.  **If either party fails to comply with the steps for marking exhibits, that party's exhibits may be precluded from being marked at the hearing**.

The exhibits presented to the clerk <u>should</u> <u>not</u> be placed in a three-ring notebook.  However, counsel are asked to provide the Court, on the day of the hearing, a notebook containing a complete copy of all exhibits for the Court's use throughout the hearing.

**\*\*\*\*Each multiple page exhibit must be securely fastened together by staple or other means.  NO PAPER CLIPS, BINDER CLIPS, OR RUBBER BANDS may be used.  If Acco fasteners are used they must be long enough to fasten securely.\*\*\*\***

**NOTE:** All court proceedings are recorded digitally and not by a court reporter. Pursuant to Local Rule 2.22, if a party desires a court reporter for any proceeding in which a court reporter is not mandated by Arizona Supreme Court Rule 30, the party must submit a written request to the assigned judicial officer at least ten (10) judicial days in advance of the hearing, and must pay the authorized fee to the Clerk of the Court at least two (2) judicial days before the proceeding. The fee is $140 for a half-day and $280 for a full day.

Exhibit E

David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

Attorneys for Defendants
Kyle David Grant; Travis Paul Grant and
Mariel Lizette Grant

**SUPERIOR COURT OF ARIZONA**

**COUNTY OF MARICOPA**

| | |
|---|---|
| Jane Doe, | Case No. CV2020-055202 |
|      Plaintiff, | **NOTICE OF FILING**<br>**NOTICE OF REMOVAL** |
| vs. | |
| Travis Paul Grant and Mariel Lizette Grant, husband and wife; Kyle David Grant and Jane Doe Grant, husband and wife; XYZ Corporations, | |
|      Defendants. | |

      Defendants Travis Paul Grant, Mariel Lizette Grant and Kyle David Grant, ("Defendants") give notice that this action is hereby removed from the Maricopa County Superior Court to the United States District Court for the District of Arizona pursuant to 28 U.S.C. §§ 1441 and 1446. A copy of the Notice of Removal (excluding exhibits thereto) is attached hereto as Exhibit A.

DATED: October 23, 2020.

**GINGRAS LAW OFFICE, PLLC**
/s/ David S. Gingras
David S. Gingras, Esq.
Attorney for Defendants
Kyle David Grant; Travis Paul Grant and
Mariel Lizette Grant

GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
PHOENIX, AZ 85044

**Original** e-filed through www.azturbocourt.com
and **COPIES** delivered on October 23, 20202 to:

Craig Jacob Rosenstein, Esq.
ROSENSTEIN LAW GROUP, PLLC
8010 East McDowell Road, Suite 111
Scottsdale, AZ 85257
Attorney for Plaintiff

/s/David S. Gingras

GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
PHOENIX, AZ 85044