David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

Attorney for Defendants
Kyle David Grant; Travis Paul Grant and
Mariel Lizette Grant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe,<br><br>    Plaintiff,<br><br>vs.<br><br>Travis Paul Grant, *et al*.,<br><br>    Defendants. | Case No. 20-CV-02045-PHX-SPL<br><br>**MOTION TO STRIKE COMPLAINT** |

Pursuant to Arizona District Court Local Rule LRCiv. 7.2(m)(1), Defendants Travis Paul Grant, *et al*., respectfully move for an order striking Plaintiff's Complaint on the basis that it violates the requirements of Fed. R. Civ. P. 10(a) and 17(a)(1). Specifically, Fed. R. Civ. P. 10(a) mandates "The title of the complaint <u>must name all the parties</u> …" and Rule 17(a)(1) requires: "An action must be prosecuted <u>in the name</u> of the real party in interest." (emphasis added).

These rules require parties to use their real names in litigation. Indeed, "The Federal Rules of Civil Procedure make no provision for pseudonymous litigation." *Doe v. Law Offices of Robert A. Schuerger Co*., 2018 WL 4258155, at *2 (D.N.J. Sept. 6, 2018) (denying plaintiff's request to proceed via pseudonym, because "It has been long recognized that 'one of the essential qualities of a Court of Justice [is] that its proceedings should be public.'") (citing *Does I Thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067 (9th Cir. 2000)); *see also United States v. Stoterau*, 524 F.3d 988,

1013 (9th Cir. 2008) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.") (emphasis added) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)).

Despite this long-standing tradition of open litigation, courts have occasionally allowed pseudonyms to be used in narrow circumstances. *See, e.g., Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036 (9th Cir. 2010) (discussing standards for allowing plaintiff to proceed via pseudonym, but finding plaintiff failed to meet those requirements). However, in this case, Plaintiff did not seek permission to proceed via pseudonym; she simply filed a Complaint that violated both the federal rules and the Arizona Rules of Civil Procedure; "We know of no statute or rule of court which permits the bringing of an action in a fictitious name unless prior permission of the court has been obtained." *Beasley v. Glenn*, 110 Ariz. 438, 440 (Ariz. 1974) (in banc).

For that reason, absent a timely amendment to include Plaintiff's true name or a motion[1] seeking relief from the rules, the Court should strike the Complaint on the basis that it fails to comply with the Rules of Civil Procedure. Of course, if Plaintiff brings a separate motion seeking leave to proceed via pseudonym, Defendants will provide a substantive response at that time.

DATED: October 30, 2020.

**GINGRAS LAW OFFICE, PLLC**

David S. Gingras, Esq.
Attorney for Defendants

¶

---

[1] Neither Rule 10 nor Rule 17 contains any specific remedy for a violation. However, dismissal is impliedly authorized by Rule 17(a)(3) which provides, in part: "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Thus, the instant motion is brought simply to inform the Court that Defendants object to Plaintiff proceeding via pseudonym.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2020, I transmitted the attached document to the Clerk's Office for filing via ECF, and emailed a copy of the foregoing to:

Craig Jacob Rosenstein, Esq.
ROSENSTEIN LAW GROUP, PLLC
8010 East McDowell Road, Suite 111
Scottsdale, AZ 85257
Attorney for Plaintiff

/s/ David Gingras
_____