Craig Jacob Rosenstein, Esq. (024766)
**ROSENSTEIN LAW GROUP, PLLC**
8010 E. McDowell Road, Suite 111
Scottsdale, Arizona 85257
Telephone: (480) 248-7666
Facsimile: (480) 946-0681
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Travis Paul Grant and Mariel Lizette Grant, husband and wife; Kyle David Grant and Jane Doe Grant, husband and wife; and XYZ Corporations,<br><br>　　　　　Defendants. | No. 2:20-CV-02045-SPL<br><br>(formerly Maricopa County Superior Court No.: CV2020-055202)<br><br>**MOTION TO REMAND**<br><br>ASSIGNED TO THE HONORABLE STEVEN P. LOGAN |

　　　　Plaintiffs, through counsel, pursuant to 28 U.S.C. § 1447, file this Motion to Remand and requests the Court remand the action back to the Maricopa County Superior Court.

　　　　Plaintiff stipulates that complete party diversity is present. However, as acknowledged in the defendant's Notice of Removal, it is clear on the face of the plaintiff's Complaint that she seeks no more than $74,000 in total damages. Therefore, the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a)(1) does not exist. Because diversity jurisdiction is not present, this Court lacks jurisdiction and this matter should be remanded pursuant to 28 U.S.C. § 1447(c).

//

//

DATED: November 4, 2020.

ROSENSTEIN LAW GROUP, P.L.L.C.

 /s/ Craig Rosenstein         .

By:  Craig J. Rosenstein, Esq.
Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Procedural Background

This action arises out a claim for statutory damages and common law claims as a result of the defendant's publication of the plaintiff's criminal justice information directly for, and in solicitation of, pecuniary gain. Defendant Travis Grant and Mariel Grant were served with the Summons, Complaint and Motion for Preliminary Injunction, filed on September 24, 2020. Defendant Kyle Grant waived service though counsel in the Supplemental Cover Letter of his Notice of Removal, which was filed on October 23, 2020.

In the Complaint, the *ad damnum* clause claims a total range of damages between $50,000 and $74,000. (Comp. ¶ 5). Following this, three counts are asserted in the Complaint. In each count, it is reasserted that the total damages will not exceed $74,000. (Comp. ¶¶ 13, 17, 22). Concluding the Complaint is a "Prayer for Relief" section describing specifically what relief the plaintiff is seeking from the defendants. Specifically, in summation of the entire Complaint, plaintiff requests "[c]ompensatory damages or statutory damages in an amount no less that $50,000 and no more than $74,000."

### I. Law

Federal courts are courts of limited jurisdiction and a presumption exists that a cause lies outside of the federal court's limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994). "The burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* "This burden is particularly stringent for removing defendants because the removal statute is strictly construed, and

***any doubt about the right of removal requires resolution in favor of remand***." *Corral v. Select Portfolio Servicing Inc.,* 878 F.3d 770 (9th Cir. 2017) ("[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.") (internal quotations and citations omitted) (emphasis added).

"When the amount in controversy is in dispute or unclear, 'the Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction.'" *Int'l Tech. Coatings, Inc. v. Trover*, No. 2:12-CV-01007-JAT, 2012 WL 2301382, at *2 (D. Ariz. June 18, 2012) (quoting *Gaus*, 980 F.2d at 566). "In a removed case, . . . the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v. State Farm Mut. Auto. Ins.Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury Indem. Co. v. Red CabCo.*, 303 U.S. 283, 290 (1938)).

"[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement. That is so." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595, 133 S.Ct. 1345, 1350 (2013). However, despite the clear language in the plaintiff's Complaint filed in state court, this Court may insist on a legally binding affidavit as a condition to remand. *Id.* Plaintiff will willingly submit a sworn affidavit to the Court vowing to not seek more than $74,000 should the Court find it necessary as a condition to remand. However, plaintiff has already submitted a verified complaint seeking no more than $74,000 total.

In determining whether the jurisdictional minimum has been met, the defendant must set forth <u>*facts*</u> sufficient to trigger federal removal jurisdiction. *Gaus*, 980 F.2d at 567; accord *Turner v. Am. Hardware Mut. Ins. Co.*, 2009 WL 2259612 (D. Ariz. July 29, 2009). The requirement that a removing party establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 is met if: "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or,

3

alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Bourne v. Wal-MartStores, Inc.*, 582 F. Supp. 2d 828, 839 (E.D. Tex. 2008).

**II. Argument**

The defendant's claim of diversity jurisdiction is primarily based upon two notions. First, the defendant asserts that the claim under Arizona Revised Statute Annotated § 44-7901-02 provides a "*mandatory minimum*" amount which a plaintiff *must* sue for should they sue under Arizona's mugshot statute. However, no such language exists in the statute nor in any rules cited by the defendant. While the defendant has inserted the language "[e]ach violation of this provision carries mandatory minimum statutory damages…" (Notice of Removal at p.2 ln.12) the language of the law precisely reads:

> D. A person that violates subsection B of this section is liable for damages for each separate violation in an amount of at least:
>
> 1. $100 per day during the first thirty days of the violation.
> 2. $200 per day during the subsequent thirty days of the violation.
> 3. $500 per day for each day thereafter.

A.R.S. § 44-7902(D). This damages clause specifically provides a floor of liability upon the entity or individuals violating the law; it does not by invocation force every plaintiff to sue for the full amount of damages that they are entitled to under the law. "If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove". *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 294, 58 S.Ct. 586 (1938).

The defendant further argues that because Arizona law permits a plaintiff to amend their complaint, diversity jurisdiction exists. This assertion assumes that any time a cause of action has diverse parties and damages with so much as the *possibility* of amounting to $75,000 or more, the federal court has diversity jurisdiction. This theory is

4

not supported by law and not inline with the policy behind the jurisdiction of state courts nor the limited jurisdiction of the federal courts.

Second, the defendant's Notice of Removal asserts that the aggregate of the three claims asserted would exceed the $75,000 threshold, while noticing that Plaintiff has clearly stated in the Complaint that she seeks no more than $74,000 for the total aggregation of the three claims. The United State Supreme Court has "long held that, in determining whether the amount-in-controversy requirement has been satisfied, a single plaintiff ***may*** aggregate two or more claims against a single defendant, even if the claims are unrelated." *Exxon Mobil Corp. v. Allapattah Services Inc*., 545 U.S. 546, 585, 125 S.Ct. 2611, 2635 (2005) citing *Edwards v. Bates County,* 163 U.S. 269, 273, 16 S.Ct. 967 (1896) (emphasis added). Here, the intention of the plaintiff to not have her suit heard in federal court by seeking damages totaling less than $74,000 have been acknowledged as obvious by the defendant's counsel. (Notice of Removal at p.4 ln.1-7). This is made apparent by clearly and unambiguously asserting jurisdictional limitations in the Complaint to satisfy both the Arizona state Tier requirements and state/federal court jurisdictional requirements.

The defendant has not proved that the test in *Bourne* has been met by a preponderance of the evidence. It is not apparent from the face of the Complaint that the claims are likely to exceed $75,000.00. In fact, the exact opposite is true. The defendant has purposely sought to limit damages to total $74,000, and the defendant has acknowledged this fact as true in their Motion to Remand (*Id.*). Additionally, the defendant has not set forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount. While the defendant has pointed out that the plaintiff has the legal possibility to claim an amount of damages in excess of $75,000, they have provided the Court with no evidence nor facts that would prove that the plaintiff is seeking to claim in excess of $75,000 in the Complaint. Instead, they have drawn attention to and acknowledged that the plaintiff clearly states in her Complaint that she is seeking no more than $74,000 in total damages. It is clear by the face of the Complaint that the amount in controversy is less than $74,000.

As aforementioned, should the Court wish to secure a legally binding affidavit from the plaintiff stating that the plaintiff will seek no more than $74,000 as a condition of remand, Plaintiff will willfully abide. This form of conditional remand is not unprecedented. *See Knowles*, 568 U.S. 588, *supra.*

### III. Conclusion

Here, Defendant's removal was improvident. Accordingly, the Court must remand to state court. *See* 28 U.S.C. § 1447; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). A defendant "cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

DATED: November 4, 2020.

ROSENSTEIN LAW GROUP, P.L.L.C.

  /s/ Craig Rosenstein    .

By: Craig J. Rosenstein, Esq.
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2020, I transmitted the attached document to the Clerk's Office for filing via ECF, and mailed a copy of the foregoing to:

David Gingras
Gingras Law Office, PLLC
4802 E. Ray Road #23-271
Phoenix, Arizona 85044
david@gingraslaw.com
Attorney for Defendant

By: /s/ Craig Rosenstein

Craig J. Rosenstein, Esq.
Attorney for Plaintiff