David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

Attorney for Defendants
Kyle David Grant; Travis Paul Grant and
Mariel Lizette Grant

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe,<br><br>    Plaintiff,<br><br>vs.<br><br>Travis Paul Grant, *et al*.,<br><br>    Defendants. | Case No. 20-CV-02045-PHX-SPL<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND** |

Defendants Kyle David Grant, Travis Paul Grant and Mariel Lizette Grant ("Defendants") respectfully submit the following response to Plaintiff Jane Doe's Motion to Remand. As explained herein, this Court has diversity jurisdiction.

For that reason, removal of the case was proper, and remand is not available; "A defendant is entitled to have the suit removed to a proper federal court <u>as a matter of right</u>, on complying with the conditions prescribed by statute. <u>If the requirements of the removal statute are met, the right to removal is absolute</u>." *Regis Associates v. Rank Hotels Mgmt. Ltd.*, 894 F.2d 193 (6th Cir. 1990) (emphasis added) (citing *White v. Wellington*, 627 F.2d 582, 586 (2nd Cir. 1980)); *see also Brockman v. Merabank*, 40 F.3d 1013, 1017 (9th Cir. 1994) ("[T]he exercise of diversity jurisdiction is not discretionary.") (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 356, 108 S.Ct. 614, 622, 98 L.Ed. 720 (1988)).

## I. PREFATORY COMMENTS

The issue here could not be simpler—on the date of removal, did this case involve a controversy of $75,000 or more? If yes, then federal jurisdiction exists and removal was proper. If no, remand is required. The parties at least agree on this much.

In most cases, the starting point in determining the amount in controversy is *usually* the Complaint, but not always. Rather, as explained in Defendants' Notice of Removal: "the amount-in-controversy inquiry in the removal context <u>is not confined to the face of the complaint</u>." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (emphasis added) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375–77 (9th Cir. 1997)).

This is so because, depending on the law of the state in which the matter was originally filed, the Complaint may, or may not, reflect the true amount in controversy. Further complicating the task is this problem—many states (including Arizona) expressly forbid listing any specific dollar amount in a Complaint when damages are unliquidated. For instance, Rule 8 of the Arizona Rules of Civil Procedure contains this unambiguous prohibition:

> **(b) Claims for Damages.**
>
> (1) *Restrictions on Pleading Dollar Amounts*. In all actions in which a party is pursuing a claim other than for a sum certain or for a sum which can by computation be made certain, <u>no dollar amount or figure for damages sought may be stated in any pleading allowed under Rule 7</u>. (emphasis added)

As other judges in this district have noted, determining whether the amount in controversy exceeds the jurisdictional limit of 28 U.S.C. § 1332 "is somewhat complicated by the Arizona state court procedural rules, which prohibit plaintiffs from pleading specific amounts for unliquidated damages." *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1067 (D.Ariz. 2004). Nevertheless, "the Ninth Circuit has emphasized that such rules do not 'present an insurmountable obstacle to quantify the amount at stake

when intangible harm is alleged; the parties need not predict the trier of fact's eventual award with one hundred percent accuracy.'" *Burk*, 348 F.Supp.2d at 1067 (quoting *Valdez*, 372 F.3d at 1117).

Aside from the damages ambiguity mandated by Rule 8(b)(1), there is another problem: many states (including Arizona) do not limit a plaintiff's recovery to the amount requested in the Complaint (assuming any amount is requested at all). Instead, regardless of whether the Complaint seeks $1, $1 million, or just "damages according to proof at trial", a plaintiff in Arizona can always recover *any amount* the evidence supports, even if the final award is much larger than the amount originally requested in the Complaint. *See International Harvester Co. v. Chiarello*, 27 Ariz.App. 411, 416 n.2 (App. 1976) (explaining, "We find little significance in the fact that plaintiffs amend their complaint after trial to increase the *ad damnum* clause … . Our cases indicate that where a jury verdict exceeds the amount of the damages pleaded, the amendment of the complaint is appropriate.") (emphasis added) (citing *Smith v. Tang*, 100 Ariz. 196, 202 (1966)).

Thus, although the Complaint's prayer for relief is certainly relevant and may be a helpful starting point, it is not binding nor controlling in a state like Arizona. Here, what matters for amount-in-controversy purposes is *not* the conclusory prayer for relief.

Instead, what matters is a very simple but more substantive question: considering the facts and legal theories alleged in the Complaint on the date of removal, and assuming the plaintiff prevails on the merits, *is it more likely than not that the plaintiff would be entitled to damages of $75,000 or more*? That is the relevant question. *See Lewis*, 2020 WL 5210815, *3 (explaining, "the amount [in controversy] is based on what is at stake in the litigation, and includes all relief claimed at the time of removal to which Plaintiff would be entitled if he prevailed.") (denying remand even though Complaint did not specifically request more than $75,000 in damages because the facts and claims asserted showed an award of $75,000 or greater was more likely than not) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018)).

Applying these simple standards here, there is no question the amount in controversy exceeded $75,000 on the date of removal. For that reason, the inquiry ends. This Court has jurisdiction. Removal was proper. Remand must be denied.

**II.     DISCUSSION**

Understandably, Plaintiff's discussion begins by pointing to the Complaint and by focusing on the fact that it prays for damages of "no more than $74,000". For Plaintiff, that is the start and end of the analysis.

This argument fails because due to the unique operation of Arizona law, the amount sought in the Complaint is largely irrelevant as was preemptively (and extensively) explained in the Notice of Removal. *See* Doc. #1. Of course, "In assessing the amount in controversy, a court may consider allegations in the complaint <u>and in the notice of removal</u>, as well as summary-judgment-type evidence relevant to the amount in controversy. *Lewis*, 2020 WL 5210815, at *2 (emphasis added).

As explained in the Notice of Removal, Arizona (like many states) does not limit or "cap" a plaintiff's recovery to the dollar amount stated in the Complaint. As such, when evaluating the amount in controversy for a case initially filed in Arizona state court, the inquiry focuses on whether the plaintiff would be entitled to recover more than $75,000 if she prevailed on the merits, not whether the Complaint demands that amount.

In her Motion to Remand, Plaintiff never actually disputes this legal conclusion. Instead, she misrepresents Defendants' argument by recasting it in a wholly inaccurate manner:

> The defendant [sic] further argues that because Arizona law permits a plaintiff to amend their complaint, diversity jurisdiction exists. This assertion assumes that any time a cause of action has diverse parties and damages with so much as the *possibility* of amounting to $75,000 or more, the federal court has diversity jurisdiction. This theory is not supported by law and not inline with the policy behind the jurisdiction of state courts nor the limited jurisdiction of the federal courts.

Motion to Remand (Doc. 9) at 4:23–5:2 (emphasis in original).

This is, of course, not Defendants' position. Defendants do not contend that federal jurisdiction exists in *every* case involving diverse parties simply because there is a *possibility* the plaintiff who seeks less than $75,000 in her Complaint *might* amend later to increase the prayer to seek $75,000 or more. That is NOT what Defendants are saying.

What Defendants are saying is this—if, on the date of removal, the facts of the Complaint clearly show the plaintiff *would be entitled* to recover damages of $75,000 or more if she wins, then the amount in controversy is satisfied, *regardless of what amount (if any) is prayed for in the ad damnum clause of the Complaint*. Indeed, that specific point was repeatedly and succinctly explained in the Notice of Removal:

> [I]n Arizona a Complaint's prayer for $74,000 or less is not sufficient to defeat federal jurisdiction if the evidence clearly shows the true amount in dispute exceeds $75,000.

Notice of Removal, Doc. #1, at 6:18–20 (emphasis added) (citing authorities).

Here, to the extent Plaintiff addresses this point at all, she simply suggests there is no *evidence* showing the true amount in dispute exceeds $75,000; "defendant [sic] has not set forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." Mot. at 5:20–21.

Not so. In the Notice of Removal (at page 7), Defendants provided a very simple table showing *based on the facts alleged in the Complaint*, Plaintiff would be entitled to recover damages of no less than $190,000 as of the date of removal (October 23). This sort of damages analysis based on the *Plaintiff's own allegations* is entirely appropriate for establishing the amount in controversy. *See Lewis*, 2020 WL 5210815, *3 (finding even though Complaint did not seek more than $75,000 in damages, amount in controversy satisfied because, "Here, the basis for removal was a straightforward amount in controversy analysis based on the Plaintiff's own allegations at the time of removal.")

In addition, as further noted, the Arizona Mugshot Act provides mandatory minimum damages of $500 per day for each additional day the law is violated. As a result, in the 26 days since the case was removed, Plaintiff's damages have increased by

1  an additional $13,000, meaning the current amount in controversy now exceeds $200,000
2  (not that this matters). Either way, Plaintiff's own allegations plainly show that as of the
3  date of removal, the amount in controversy was more than the jurisdictional minimum.

4        Oddly, on page 4 of her remand motion, Plaintiff accuses Defendants of
5  misrepresenting the "mandatory" nature of the damages available under the Mugshot Act.
6  Specifically, Plaintiff argues "no such language [mandating an amount of minimum
7  damages] exists in the statute nor in any rules cited by defendant [sic]." Mot. at 4:7–8.

8        This argument is simply wrong. The text of A.R.S. § 44–7902(B) is unequivocal:
9  "A person that violates subsection B of this section <u>*is liable* for damages</u> for each
10 separate violation <u>in an amount of *at least*</u> … [certain minimum amounts rising to] $500
11 per day for each day thereafter." (emphasis added). This certainly sounds like a
12 mandatory minimum requirement to Defendants.

13       To the extent Defendants understand Plaintiff's argument on this point, she seems
14 to be saying the "mandatory" nature of the Mugshot Act's minimum statutory damages is
15 really not mandatory because a plaintiff *could* or *might* waive some or all of the
16 damages she is otherwise entitled to. For that reason, Plaintiff suggests the Mugshot Act
17 "does not by invocation force every plaintiff to sue for the full amount of damages they
18 are entitled to under the law." Mot. at 4:18–19.

19       That hypothetical maxim may be true, but this argument *completely* misses the
20 point. The point here is that Plaintiff sued Defendants for violating the Mugshot Act, and
21 in her Complaint she alleged the violation began on October 20, 2018 and continued
22 through the present day, thus entitling her to statutory damages under A.R.S. § 44–
23 7902(B). *See* Compl. at ¶¶ 9–13. Although Plaintiff accurately noted "[t]he damages in
24 this case are not liquidated", Compl. ¶ 5, she then proceeded to provide a non-binding
25 estimate suggesting that *maybe* her damages ranged from $50,000 to $74,000. But
26 clearly, under Arizona law, that estimate was not and is not binding, and it would not
27 have capped Plaintiff's ability to recover *more* than $75,000 (as she would clearly have
28 been entitled to do under the facts alleged, assuming she prevailed on the merits).

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

For these reasons, Plaintiff is simply wrong when she suggests that Defendants are claiming diversity jurisdiction exists simply because a plaintiff *might* amend her pleading to seek more than $75,000 at some unknown future date. Rather, Defendants' position is that the facts alleged in the Complaint in this case clearly show that if Plaintiff were to prevail at trial, there is no question she would be entitled to receive damages far in excess of $75,000. Nothing more is required to satisfy the amount in controversy requirement. *See Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (explaining, "*St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938) … holds that a post-removal amendment to the complaint limiting the plaintiff's claim does not authorize a remand. Because jurisdiction is determined as of the instant of removal, a post-removal affidavit or stipulation [to reduce damages] is no more effective than a post-removal amendment of the complaint.")

The fact that Plaintiff might not win at trial, or that she might win but receive less than $75,000, makes no difference, nor does it matter that she is now offering to stipulate to limit her damages to less than $75,000; "[D]iversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction ... if the amount in controversy subsequently drops below the minimum jurisdictional level." *Treon v. Aetna Life Ins. Co.,* 2020 WL 2537484, *1 (D.Ariz. 2020) (quoting *Hill v. Blind Indus. & Servs of Md.*, 179 F.3d 754, 757 (9th Cir. 1999)).

Accordingly, Plaintiff cannot avoid federal jurisdiction by now claiming that *if* she wins at trial and is awarded the minimum amount of statutory damages under A.R.S. § 44–7902(B) (an amount which would significantly exceed $75,000), she plans to make a charitable decision to waive part of that award. This is simply not the correct standard for how the amount in controversy is measured. Based on the facts of the Complaint as-written on the date of removal, Plaintiff's claims would give her the legal right to recover more than $75,000 if she prevailed.

That fact, and not any post-removal efforts to rewrite or revise her claims, is what determines the amount in controversy. And that amount exceeds $75,000. End of story.

### III. CONCLUSION

There is absolutely nothing speculative or uncertain about the existence of diversity jurisdiction in this matter. The Complaint alleges facts which, if proven, would entitle the Plaintiff to recover far more than $75,000 in damages. At no time prior to removal did Plaintiff lawfully bind herself to seeking less than this amount.

For that reason, this Court has jurisdiction. Plaintiff's Motion to Remand must be denied.

DATED: November 18, 2020.         **GINGRAS LAW OFFICE, PLLC**

                                  _____
                                  David S. Gingras, Esq.
                                  Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2020, I transmitted the attached document to the Clerk's Office for filing via ECF, and emailed a copy of the foregoing to:

Craig Jacob Rosenstein, Esq.
ROSENSTEIN LAW GROUP, PLLC
8010 East McDowell Road, Suite 111
Scottsdale, AZ 85257
Attorney for Plaintiff

_/s/ David Gingras_____

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044