Craig Jacob Rosenstein, Esq. (024766)
**ROSENSTEIN LAW GROUP, PLLC**
8010 E. McDowell Road, Suite 111
Scottsdale, Arizona 85257
Telephone: (480) 248-7666
Facsimile: (480) 946-0681
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, | No. 2:20-CV-02045-SPL |
| Plaintiff, | |
| v. | **REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND** |
| Travis Paul Grant, *et al.*, | |
| Defendants. | ASSIGNED TO THE HONORABLE STEVEN P. LOGAN |

Plaintiff, Jane Doe, by and through Counsel hereby submits her Reply to Defendants' Response to Plaintiff's Motion to Remand. The requirements for removal for diversity jurisdiction have not been met in this matter because, as briefed in Plaintiff's Motion to Remand, the amount in controversy at the time of removal is not in excess of $75,000. (*See generally* Doc. No. 9).

"In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1196 (9th Cir. 2015) quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938). If the amount in controversy is not clear from the face of the complaint, then the parties may submit evidence outside the complaint, including affidavits or declarations, or other "summary-judgment-type evidence relevant to

the amount in controversy **_at the time of removal_**." *Id.* citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997) (emphasis added). Importantly, as is the case here, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.*

Defendants' Response clings to two theories which are only supported in dicta and citation to inapposite case law. To begin, the defendant asserts that Rule 8 of Arizona's Rules of Civil Procedure forbids the mention of any dollar amount whatsoever in a complaint and that any mention of such creates a *per se* rule granting the federal court diversity jurisdiction for purposes of the amount in controversy. This assertion is not supported by law. In the first place, Rule 8 of the Arizona rules of Civil Procedure allows for a statement reciting jurisdictional requirements. Plaintiff's Complaint contains statements for the courts convivence as proof that the action should be a Tier Two action and that the state court has jurisdiction given the amount in controversy—not the federal court. These are jurisdictional statements permitted by Rule 8 of the Arizona Rules of Civil Procedure.

To support this proposed *per se* rule, the defendant relies upon *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063 (D.Ariz 2004). In *Burk*, the District Court of Arizona held that the defendant "did not show by a preponderance of the evidence that amount in controversy exceeded threshold for diversity jurisdiction . . . ." *Id.* In fact, the court in *Burke* took multiple positions that disagree with arguments in Defendants' Response. For example, Defendant argues that remand is not appropriate because "a plaintiff can always recover *any amount* the evidence supports, even if the final award is much larger than the amount originally requested in the Complaint. (Defendant's Response, Doc. No. 9 at p.3 ln. 8-10.). However, the court in *Burke* found that "[i]f at a later time it becomes apparent through an amended pleading, motion, order or other paper that the amount in controversy exceeds $75,000, [defendant] may then remove the case within 30 days of receiving such notice." *Burke*, at 1070. The court in *Burke* also denied the defendant's request that the court order the plaintiffs to stipulate that their damages are less than $75,000 because "the burden is on Defendant to prove the amount in controversy." *Id.*

Despite this burden, Plaintiff has offered to submit an affidavit going this far should this Court see fit. (Doc. No. 9).

In their Response, Defendants doubles down on the argument that just because it is possible for a plaintiff to recover over $75,000, diversity jurisdiction exists. As explained in Plaintiff's Motion to Remand, this is not the law. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595, 133 S.Ct. 1345, 1350 (2013) ("[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement. That is so."). When deciding whether the relevant amount in controversy requirement for diversity jurisdiction is met, the courts do not look to imaginable possibilities, but to the actual amount in controversy **<u>at the time of removal</u>**. The Complaint is unambiguously clear that Plaintiff seeks no more than a total of $74,000 as described in detail in her Motion for Remand. (*See generally* Doc. No. 9).

Furthermore, Defendants' arguments grossly underplay the high burden they are faced with in the case at hand. When a plaintiff chooses to litigate her case in state court and includes jurisdictional statements in her complaint that make it clear that she is not claiming large amounts to avoid federal jurisdiction, **a strong presumption is created that the plaintiff has not claimed in excess of the diversity jurisdiction requirement.** *Singer*, 116 F.3d at 377 ("In a removed case, . . . the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]'")

Defendants are correct in that Plaintiff's discussion in her Motion to Remand begins by pointing to the Complaint and by focusing on the fact that the Complaint claims no more than $74,000. This is because "[i]n determining the amount in controversy, for purposes of removal based on diversity jurisdiction, the court should look to the complaint; *if the amount is indeterminate from the complaint alone*, the court can look to the notice of removal and other evidence relevant to the amount in controversy at the time the case was removed." *Leon v. First Liberty Ins.*

*Corp.*, 903 F. Supp. 2d 1319 (M.D. Fla. 2012). For example, in *Saberton v. Sears Roebuck & Co.*, 392 F. Supp. 2d 1358 (M.D. Fla. 2005) the "[f]act that plaintiff's complaint against store owner alleged damages exceeding $15,000 but less than $74,999, which was only one dollar less than $75,000 amount in controversy threshold for federal diversity jurisdiction, did not establish to a legal certainty, after defendant removed the case to federal court, that plaintiff's claim exceeded the $75,000 threshold for diversity jurisdiction." The decision to claim less than the jurisdictional amount for diversity jurisdiction in her Complaint was an intentional one. This decision was made clear from the outset in her Complaint—not post-removal as Defendants suggest.

In summation, Defendants in this case bear a mountainous burden in proving that the amount in controversy exceeds $75,000 in a matter where the Complaint expressly limits the amount in controversy to $74,000. Defendant begins with a burden of proof by a preponderance of the evidence. This burden is reinforced with a strong presumption that the amount in controversy is less than the jurisdictional limitation (*See Singer*, 116 F.3d at 377 *supra*.). Then, the burden and presumption are galvanized in stringency given that the removal statute is to be ***strictly construed***. And still, in the end, if merely a shred of doubt is left, ***"any doubt about the right of removal requires resolution in favor of remand."*** *Corral v. Select Portfolio Servicing Inc.*, 878 F.3d 770 (9th Cir. 2017) ("[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.") (internal quotations and citations omitted) (emphasis added). Here, Defendants fall fatally short of this high burden in its analysis and therefore this matter must be remanded to state court.

DATED: November 23, 2020.

ROSENSTEIN LAW GROUP, P.L.L.C.

/s/ Craig Rosenstein

By: Craig J. Rosenstein, Esq.
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2020, I transmitted the attached document to the Clerk's Office for filing via ECF, and mailed a copy of the foregoing to:

> David Gingras
> Gingras Law Office, PLLC
> 4802 E. Ray Road #23-271
> Phoenix, Arizona 85044
> david@gingraslaw.com
> Attorney for Defendant

By: /s/ Craig Rosenstein

Craig J. Rosenstein, Esq.
Attorney for Plaintiff