Craig Jacob Rosenstein, Esq. (024766)
**ROSENSTEIN LAW GROUP, PLLC**
8010 E. McDowell Road, Suite 111
Scottsdale, Arizona 85257
Telephone:   (480) 248-7666
Facsimile:   (480) 946-0681
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Travis Paul Grant, *et al.*, <br><br> Counterclaimants, <br><br> v. <br><br> Jane Doe., <br><br> Counterdefendants. | No. 2:20-CV-02045-SPL <br><br> **REPLY TO DEFENDANTS' COUNTERCLAIM** <br><br> ASSIGNED TO THE HONORABLE STEVEN P. LOGAN |

Counterdefendant Jane Doe, as and for her Reply to Counterclaimants' Counterclaim and admit, deny and allege facts as indicated below. All facts not expressly admitted are denied. Furthermore, there is currently a pending Motion to Remand this matter to state court before the Court that has yet to be ruled on. By submitting her Answer to the Counterclaimants' Counterclaim, the Conterdefendant continues to opposes to federal jurisdiction over this matter and is not consenting to subject matter jurisdiction.

1. Admit that all Counterclaimants reside in the State of Florida.
2. Counterdefendant admits that the Conterdefendant, Jane Doe, is a resident of Arizona.
3. Counterdefendant is without sufficient information to admit or deny paragraph 3, and therefore deny same.
4. To the extent found to be applicable, Conterdefendant admits paragraph 4.

1

5. Conterdefendant denies paragraph 5.
6. Conterdefendant denies paragraph 6 as explained in more detail in her Motion to Remand and Reply to Defendants'' Response to Plaintiff's Motion to Remand. (EFC Doc. Nos. 9, 14).
7. Counterdefendant denies paragraph 7.
8. Counterdefendant admits that a substantial part of the events took place in this District.
9. Counterdefendant admits paragraph 9.
10. Counter defendant admits paragraph 10.
11. Counter defendant admits paragraph 11.
12. Counter defendant admits paragraph 12.
13. Counterdefendant is without sufficient information to admit or deny paragraph 13, and therefore deny same.
14. Counterdefendant is without sufficient information to admit or deny paragraph 14, and therefore deny same.
15. Counterdefendant is without sufficient information to admit or deny paragraph 15, and therefore deny same.
16. Counterdefendant denies paragraph 16.
17. Counterdefendant is without sufficient information to admit or deny paragraph 17, and therefore deny same.
18. Conterdefendant denies paragraph 18.
19. Counterdefendant denies paragraph 19.
20. Counterdefendant is without sufficient information to admit or deny paragraph 20, and therefore deny same.
21. Counterdefendant is without sufficient information to admit or deny paragraph 21, and therefore deny same.
22. Counterdefendant admits paragraph 22.
23. Counterdefendant denies paragraphs 23 through 36.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim and Cause of Action)**

The Counterclaim and each cause of action set forth therein fails to state any claim or any cause of action upon which may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

For reasons stated in Plaintiff's Motion to Remand (ECF Doc. No. 9) and Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Remand (ECF Doc. No. 14) this matter should be remanded to state court for a lack of jurisdiction.

**THIRD AFFIRMATIVE DEFENSE**

**(Unavailability of 47 U.S.C. § 230 Immunity)**

Immunity as provided by 47 U.S.C. § 230(c)(1) is not available nor applicable to Counterplaintiffs. "Section 230(c), titled 'Protection for 'Good Samaritan' blocking and screening of offensive material,' provides two types of protection from civil liability." *Gonzalez v.Google, Inc*., 282 F. Supp. 3d 1150, 1157 (N.D. Cal. 2017). Only the first is relevant here: "Section 230(c)(1) mandates that '[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.'" *Id*. (quoting 47 U.S.C. § 230(c)(1)). "Accordingly, section 230(c)(1) 'precludes liability that treats a website as the publisher or speaker of information users provide on the website.'" Id. (quoting *Doe v. Internet Brands, Inc*., 824 F.3d 846, 850 (9th Cir. 2016). "'In general, this section protects websites from liability for material posted on the website **_by someone else_**.'" *Id*. (emphasis added). Also, the Ninth Circuit has held that the CDA "does not declare 'a general immunity from liability deriving from third-party content.'" *Doe v. Internet Brands*, 824 F.3d at 852 (*quoting Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100 (9th Cir. 2009)).

Furthermore, Section 230 is not applicable where, as is the case here, the information is not "provided" by the Original Content Creator. "If the [actionable]

3

information is not "provided by another information content provider," then § 230(c) does not confer immunity on the publisher of the information. ***'[P]rovided' suggests, at least, some active role by the "provider" in supplying the material***[.]" *Batzel v. Smith*, 333 F.3d 1018, 1032-33 (9th Cir. 2003) (emphasis added); *see also W. Sugar Coop. v. Archer-Daniels-Midland Co.*, 2015 WL 12683192, at *8 (C.D. Cal. Aug. 21, 2015) ("The Ninth Circuit has explained that the term 'provided' suggests, at least, some active role by the provider in supplying the material"). For these reasons and many more, Defendants are not "Good Samaritans" and cannot seek refuge under the Good Samaritan portion of Section 230 of the United states Code for their illegal actions. Counterclaimants' Counterclaim should be dismissed.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute Precludes Requested Remedy)

While it is the position of Conterdefendant that 47 U.S.C. § 230 is not applicable in this matter and provides Counterclaimants no immunity at all, § 230 (e)(3) explicitly prevents the use of § 230 to prevent the enforcement of Arizona state law, notably A.R.S. § 47-7902. Section 230 (e)(3) also demands that the law be construed in favor of this interpretation. Counterclaimants' Counterclaim should therefore be dismissed as explicitly preempted by the very law under which they seek refuge.

## FIFTH AFFIRMATIVE DEFENSE
### (Circuity of Action)

Counterclaimants' Counterclaim seeks relief entirely premised on issues that are entirely contained within responses to the Plaintiff's Complaint. Specifically, Counterclaimants seek to shield themselves under the guise of 47 U.S.C. § 230, which purportedly provides immunity to certain types of hosts of specific interactive computer services. The issue of whether or not Defendants are entitled to immunity is an issue that is asserted as an affirmative defense or in a pleading in response to the original cause of action—not as a counterclaim. Defendants have twice asserted immunity under § 230; in their Motion to Dismiss and in their Answer. (*See* ECF Doc. No. 5 at p.10-13 and Doc.

No. 12 at p.3 ln.1-6). Asserting immunity protections under § 230 a third time creates unnecessary and highly undesirable circuity of action. Furthermore, this Court has extended the proceedings on the issue of § 230 until the mater of remand has been determined by this Court. (*See* EFC Doc. No. 11). Counterclaimants' maneuver here is an attempt to usurp the Court's prior Order extending the issue of § 230 immunity until the issue of Remand is decided.

This multiplicative assertion of claims and defenses is only a waste of resources for all parties involved, including the Court's as recognized by its earlier Order delaying this issue until after the matter of Remand has been decided. These defense tactics serve against the interest of public policy. Counterclaimants' Counterclaim should be dismissed and barred as a duplicative circuity of action.

WHEREFORE, having fully answered Counterclaimant's Counterclaim, Defendants pray for judgment in favor of Counterdefendant, that Counterclaim be dismissed with prejudice and for any other relief as the Court deems just and proper.

DATED: December 1, 2020.

ROSENSTEIN LAW GROUP, P.L.L.C.

 /s/ Craig Rosenstein          .

By: Craig J. Rosenstein, Esq.
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2020, I transmitted the attached document to the Clerk's Office for filing via ECF, and mailed a copy of the foregoing to:

David Gingras
Gingras Law Office, PLLC
4802 E. Ray Road #23-271
Phoenix, Arizona 85044
david@gingraslaw.com
Attorney for Defendant

By: /s/ Craig Rosenstein

Craig J. Rosenstein, Esq.
Attorney for Plaintiff